*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

FOR PUBLICATION
August 12, 2026
9:50 AM

Plaintiff-Appellee,

v

No. 379356
Washtenaw Circuit Court
LC No. 25-002169-AR

CYRUS NAASEH ABADI,

Defendant-Appellant.

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

GADOLA, C. J.

In this interlocutory appeal, this Court granted defendant, Cyrus Naaseh Abadi, leave to appeal[1] the circuit court's order that denied him leave to appeal the district court's order holding that the procedural requirements of the rape-shield statute, MCL 750.520j, apply during a preliminary examination. We reverse the order of the district court.

## I. FACTS

From November 2022 through early March 2024, defendant and the complainant, AS, allegedly were boyfriend and girlfriend; during the relationship they allegedly were sexual partners. On March 17, 2024, AS reported to police that defendant sexually assaulted her on March 16-17, 2024. She also reported that in October or November 2023, defendant engaged in penile/vaginal penetration with her while she was asleep. AS disclosed that she had consensual sexual intercourse with another individual 72 hours before the March 16-17, 2024, alleged incident involving defendant. Defendant was charged with one count of first-degree criminal sexual conduct, MCL 750.520b, and one count of third-degree criminal sexual conduct, MCL 750.520d.

At the preliminary examination before the district court, the prosecution asserted that under MCL 750.520j(2), known as the rape-shield statute, defendant was required to submit a written

---

[1] *People v Abadi*, unpublished order of the Court of Appeals, entered March 12, 2026 (Docket No. 379356).

motion and offer of proof before offering evidence of AS's past sexual conduct. The district court provided the parties with filing deadlines for a motion and response. Defendant filed with the district court a memorandum of law arguing that the procedural requirements of MCL 750.520j do not apply during a preliminary examination. The district court disagreed, holding that the procedural requirements of MCL 750.520j apply during a preliminary examination. The district court concluded that

> this Court indeed does believe that the Rape Shield statutes were intended to offer certain protections to potential victims. That that evidence . . . shall not be elicited at preliminary examination in any greater or lesser fashion, but in the same manner, as that evidence would be alluded to at trial. To do otherwise would make Rape Shield a nullity in its entirety.

The district court then ordered that

> [E]vidence of the prior sexual conduct of the potential victim SHALL NOT be elicited at preliminary examination in any greater, or lesser, fashion but in the same manner as that evidence would be alluded to at trial. To do otherwise would make the rape shield statute a nullity in its entirety and so, therefore, that evidence WILL NOT be allowed until such time as the Court has had an opportunity to see what evidence is going to be proffered at preliminary examination.

Defendant sought leave to appeal the district court's order in the circuit court, which the circuit court denied, stating that the circuit court was "not persuaded that the issues presented warrant interlocutory review." Defendant now appeals in this Court by leave granted.

## II. ANALYSIS

Defendant contends that the district court erred by determining that the rape-shield statute, MCL 750.520j, and its procedural requirements apply during a preliminary examination. We review de novo a lower court's interpretation and application of a statute, *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017), including whether a statute precludes the admissibility of evidence, *People v Masi*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 165620); slip op at 4.

A preliminary examination is an evidentiary hearing during which the district court determines whether the prosecution has presented sufficient evidence to warrant binding over the defendant to the circuit court for trial on felony charges. *People v Olney*, 333 Mich App 575, 585; 963 NW2d 383 (2020). To warrant the district court's binding over of a defendant, the prosecution must present evidence that a felony was committed and that there is probable cause to believe that the defendant committed the felony. *Id*. at 582. To do so, the prosecution must present evidence from which at least an inference may be drawn establishing the elements of the crime charged. *Id*. Thus, the purpose of a preliminary examination "is to admit evidence on each element of the crime and to establish probable cause to believe that the defendant committed that crime." *Id*.

The procedure of a preliminary examination is governed by MCR 6.110, which provides in part that at the preliminary examination, the court "shall allow the prosecutor and the defendant to subpoena and call witnesses, offer proofs, and examine and cross-examine witnesses." MCR

6.110(C). In addition, "[t]he court must conduct the examination in accordance with the Michigan Rules of Evidence." MCR 6.110(C).

Under the Michigan Rules of Evidence, relevant evidence is admissible unless otherwise provided by the United States Constitution, the Michigan Constitution, the Michigan Rules of Evidence, or "other rules prescribed by the Supreme Court." MRE 402; *People v Morgan*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket No. 167492); slip op at 10. "Evidence is relevant if it has materiality and probative value." *Id*. MRE 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." "Materiality is the requirement that the proffered evidence be related to 'any fact that is of consequence' to the action." *Morgan*, ___ Mich at ___; slip op at 11 (quotation marks and citation omitted). "Regarding probative value, '[t]he threshold is minimal.' " *Id*. (quotation marks and citation omitted). "Any tendency to make a fact of consequence in the case more probable or less probable is sufficient probative force to clear this hurdle." *Id*. MRE 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Irrelevant evidence is inadmissible. MRE 402.

MRE 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." MRE 404(a)(1). MRE 404(a)(2)(C), however, provides:

 (C) in a criminal-sexual-conduct case, the defendant may offer evidence of:

(*i*) the alleged victim's past sexual conduct with the defendant; and

(*ii*) specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

In this case, the district court held that Michigan's rape-shield statute, MCL 750.520j, applies regarding the admission of evidence during a preliminary examination. The statute "serves to limit the admissibility of evidence of a complainant's sexual conduct." *Masi*, ___ Mich at ___; slip op at 4. Under the statute, evidence of a complainant's prior sexual conduct generally is inadmissible but may be admitted to show the victim's past sexual conduct with the defendant, or specific instances of sexual activity may be admitted to show the source or origin of semen, pregnancy, or disease. The admissibility of the evidence is subject to the requirement of materiality and whether the prejudicial nature of the evidence outweighs its probative value. Unlike MRE 404, however, the statute imposes the procedural requirement of filing a written motion and offer of proof when seeking to admit evidence of the victim's past sexual conduct with the defendant or evidence of a specific instance of sexual activity showing the source or origin of semen, pregnancy, or disease. The statute provides:

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections [MCL 750.520b to 750.520g] unless and only to the extent that the judge finds that the following proposed evidence is

material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

> (a) Evidence of the victim's past sexual conduct with the actor.

> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

> (2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), **the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof.** The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). [MCL 750.520j (emphasis added).]

Our goal when interpreting a statute is to give effect to the intent of the Legislature, focusing on the plain language of the statute. *Masi*, ___ Mich at ___; slip op at 5. When the language of a statute is clear and unambiguous, "we assume that the Legislature intended its plain meaning and we enforce the statute as written." *Id*., quoting *People Sharpe*, 502 Mich 313, 326-327; 918 NW2d 504 (2018). "Sound principles of statutory construction require that Michigan courts determine the Legislature's intent from its words, not from its silence." *Masi*, ___ Mich at ___; slip op at 10. "Courts may not speculate regarding legislative intent beyond the words expressed in a statute. Hence, nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself." *Id*., quoting *Mich Ed Ass'n v Secretary of State (On Rehearing),* 489 Mich 194, 217-218; 801 NW2d 35 (2011).

Here, the statutory language of the rape-shield statute is clear and unambiguous. The rape-shield statute requires a defendant seeking to admit evidence of the victim's prior sexual conduct to file a motion and an offer of proof within ten days *after* arraignment on the information. MCL 750.520j(2). Under MCR 6.113(A), an arraignment on the information is conducted by the court with trial jurisdiction and may be held "before the preliminary examination transcript has been prepared and filed."[2] Because the clear and unambiguous language of the statute provides that a written motion and offer of proof anticipated under MCL 750.520j is required only after arraignment on the information occurs, and because this arraignment occurs only after the defendant is bound over to the circuit court, the written motion and offer of proof provision of MCL 750.520j is a procedural step that is imposed by the statute only after a preliminary examination either occurs or is waived. That is, because a preliminary examination precedes arraignment on the information, the post-arraignment procedural requirements of MCL 750.520j do not apply.

---

[2] This is in contrast to the "arraignment on the warrant," which takes place in the district court, not the trial court. *People v Guthrie*, 317 Mich App 381, 392 n 7; 894 NW2d 711 (2016).

We observe, however, that MRE 404(a)(C) does apply to preliminary examinations. In *People v Makela*, 147 Mich App 674, 683-684; 383 NW2d 270 (1985), this Court held that "[a]lthough the rape-shield statute does not appear on its face to apply to preliminary examinations, the Michigan Rules of Evidence contain parallel provisions which do apply," citing MRE 404(a)(C)'s parallel language. In *Makela*, following a preliminary examination, the defendant was bound over on one count of fourth-degree criminal sexual conduct. On appeal, the defendant argued in part that the rape-shield statute does not apply to preliminary examinations, and that, therefore, the trial court deprived him of his Sixth Amendment right of confrontation by limiting cross-examination of the complainant pursuant to the rape-shield statute. *Id*. at 683. This Court held that the applicable authority for determining whether evidence of the complainant's past sexual activity was admissible during a preliminary examination was MRE 404(a)(C), not MCL 750.520j, which this Court observed did not appear "on its face" to apply to preliminary examinations. We conclude that the district court erred in this case by determining that the procedural requirements of MCL 750.520j applied during the preliminary examination.[3]

Plaintiff argues on appeal that any error by the district court regarding the admissibility of evidence of AS's past sexual conduct under the rape-shield statute, such as the district court's statement that "past sexual experiences of a victim are irrelevant. I could just say that and I am done," is harmless error under MCL 769.26. That statute provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

As noted, this is an interlocutory appeal that does not seek to set aside a judgment or verdict. Often, the objective of an interlocutory appeal is to prevent a judgment or verdict from being entered without first resolving a disputed point of law. Here, a review of the record indicates that this case is pending before the district court with the proceedings stayed awaiting appellate resolution of the question raised on appeal before proceeding with the preliminary examination. A harmless error analysis therefore is inapplicable.

The district court's order is reversed. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[3] We do not decide whether evidence of the complainant's past sexual conduct is admissible in this case under MRE 404(a)(C).